IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VALENCIA HICKS for )
RAYMONT HICKS, SSN: 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, )
)
Plaintiff, )
)
v. ) No. 01 C 6620
)
JO ANNE BARNHART, Commissioner of )
Social Security, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

After this Court issued its March 7, 2002 memorandum opinion and order ("Opinion"), rejecting the parties' cross-motions for summary judgment but granting the alternative motion of Valencia Hicks ("Hicks," who has sued here on behalf of her son Raymont) for a remand for further proceedings, Hicks moved for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA," 28 U.S.C. §2412). Hicks' motion has been opposed by the government on the premise that its position was "substantially justified," a standard that a movant such as Hicks must overcome under 28 U.S.C. §2412(d)(1)(A). That issue has now been fully briefed and is ready for decision.

No dispute exists as to the approach to be taken here: Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994) puts it in aphoristic terms:

> The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action....

In doing so <u>Kolman</u> drew on the "reasonable basis both in law and fact" articulation in <u>Pierce v. Underwood</u>, 487 U.S. 552, 565 (1988). As <u>Pierce</u>, <u>id.</u> at 569 explained:

> Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose.

But it should be noted that in both <u>Kolman</u> and <u>Pierce</u> the question was whether a <u>legal</u> position advanced by the government was "substantially justified"--and to that end both cases looked at how other courts had dealt with the same <u>legal</u> issue. Remember that the government's position must pass the test of reasonableness in the conjunctive--"both in law <u>and</u> fact"--and here its failure was in the second prong of that requirement.

It is not simply that the administrative law judge was at fault, both in "playing doctor" and in wholly failing to consider the major evidence that pointed to a finding of disability on the part of Raymont, as the Opinion explained at length. It is rather that the government should have recognized the multiple deficiencies in its case against Raymont, conducting itself so that such errors could have been avoided and the case could have been decided properly on its merits.

In that sense the necessity for remand was substantially ascribable to the government's flawed position on the facts (there was really no quarrel as to the law to be applied to those facts). And that deficiency negates the existence of

2

"substantial justification" under EAJA. Hicks' motion for the award of fees is therefore granted. This action is set for a status hearing at 9 a.m. July 23, 2002 to see whether there is any dispute as to the quantification of that award and, if so, to determine what further proceedings may be required.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 9, 2002